# United States Court of Appeals

## For the First Circuit

No. 05-2587

SETH BADER,

Petitioner, Appellant,

v.

WARDEN, NEW HAMPSHIRE STATE PRISON,

Respondent, Appellee.

ERRATA

The opinion of this court issued on May 25, 2007, should be amended as follows:

On page 8, lines 9-12, change the first sentence to read: "In federal habeas proceedings directed to state prisoners, the federal statute provides that findings by the state court are entitled to substantial deference. 28 U.S.C. § 2254(d)(2), (e)(1) (2000)." Following this sentence, a footnote should be added with the following text:

> Bader argues that we need not pay any deference to the state court's factual finding that no leniency-for-testimony agreement existed because that finding was not rendered in the context of an evidentiary hearing. See, e.g., Bryan v. Mullin, 335 F.3d 1207, 1216 (10th Cir. 2003), cert. denied, 541 U.S. 975 (2004). Bryan's no-deference rationale is inconsistent with the plain language of sections 2254(d) and (e), which require our deference to all state court factfinding which is not "unreasonable." See Lambert v. Blackwell, 387 F.3d 210, 239 (3d Cir. 2004).

On page 11, lines 1-6, change the first two sentences to read:

"In all events, Seth does not have sufficient evidence of an actual agreement, made between the prosecutors and defense counsel, by which Joseph would testify in exchange for leniency.  Absent evidence that, if accepted, could overcome the deference due to the state-court finding, there is nothing to be tried in an evidentiary hearing."

On page 12, lines 25-27, replace the final sentence on the page with "This was hardly evidence that the state finding was wrong."